UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:20-cv-0145 AC P |
| Plaintiff, | |
| v. | ORDER and |
| MICHAEL SAVAGE, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

I. Introduction

Plaintiff is a civil detainee[1] proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, plaintiff's request to proceed in forma pauperis is granted; however, the undersigned recommends that this action be

---

[1] Although plaintiff states he is currently incarcerated in Salinas Valley State Prison, his further assertion he is a civil detainee is supported by the fact that the Inmate Locator Website operated by the California Department of Corrections and Rehabilitation (CDCR) does not identify plaintiff as a CDCR inmate. See http://inmatelocator.cdcr.ca.gov/ (Inmate Locator website operated by the California Department of Corrections and Rehabilitation). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

dismissed without leave to amend for failure to state a cognizable claim.

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

## III. Screening of Plaintiff's Complaint

### A. Legal Standards

Although plaintiff is a civil detainee rather than a prisoner, he is proceeding in forma pauperis and his complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," "fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Allegations

Plaintiff sues Sacramento County Superior Court Judge Michael Savage following his denial of plaintiff's application for release under California Penal Code section 1026(a) (authorizing a person who has been committed to a state facility upon a finding of not guilty by reason of insanity to apply for release in the superior court that issued the commitment order). Plaintiff alleges that Judge Savage denied his application "with no clear explanation" and failed

2

to respond when plaintiff resubmitted his application. ECF No. 1 at 3. Plaintiff asserts that Judge Savage's conduct has deprived him of due process and his "physical liberty to access the courts." Id. Plaintiff seeks $750,000 in damages and a lien on defendant's retirement fund.

C. Analysis

Plaintiff's claims against the sole defendant, Sacramento County Superior Court Judge Savage, are barred by judicial immunity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. . . . . [T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal citations and quotation marks omitted).

Here plaintiff does not assert that defendant was without jurisdiction to render his decision on plaintiff's application, only that defendant failed to adequately explain his decision, then failed to consider plaintiff's resubmission of his application.

To the extent plaintiff is attempting to challenge his continued civil commitment, his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state judicial remedies. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Civilly committed persons may pursue habeas relief under 28 U.S.C. Section 2254 to challenge their involuntary civil commitment. Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies Section 2254's "in custody" requirement); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1139–40 (9th Cir.2005), cert. denied, 547 U.S. 1166 (2006) ("[D]etainees under an involuntary civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement."). A civil rights action under Section 1983 is the proper vehicle to challenge conditions of confinement; a habeas corpus petition is the sole federal

3

vehicle for challenging the fact or duration of confinement. Preiser, 411 U.S at 498-99.

Moreover, plaintiff's pursuit of damages based on his continuing commitment is barred. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. The Ninth Circuit has held that the "favorable termination" rule of Heck applies equally to Section 1983 claims that imply the invalidity of a plaintiff's civil commitment. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005). The Ninth Circuit reasoned that "Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to habeas relief. Id. at 1139. Because civilly committed persons have access to habeas relief to obtain release from custody, Heck requires a civilly committed person to invalidate his civil commitment before pursuing a Section 1983 damages claim implying that his commitment is invalid. Id. at 1140. Unless plaintiff succeeds in invalidating his civil commitment in state proceedings or by federal habeas petition, he may not pursue Section 1983 claims premised on its alleged invalidity. Heck, 512 U.S. at 487.

Finally, plaintiff's claim he has been denied access to the courts is without merit. To state a denial of access claim under the First Amendment, a prisoner must plausibly allege that he suffered an "actual injury" as a result of the defendant's challenged conduct that hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). The court finds plaintiff's attempted legal claims in this case to be patently frivolous.

This court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim and, therefore, that amendment of the complaint would be futile.

////

////

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 30, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE